## JESSE TIPTON, ET AL. v. MILTON ESTES.

**Motion to Strike from Transcript Record of Evidence Heard on the Trial.**

Where it does not appear from any bill of exceptions signed by the special judge trying the case or otherwise what evidence was heard on the trial or whether any other evidence was offered or heard, a motion will be sustained in this court to strike from the record what purports to be the evidence.

### APPEAL FROM ESTILL CIRCUIT COURT.

March 7, 1885.

OPINION BY JUDGE LEWIS:

This action is for the recovery of a tract of land and was commenced originally in equity, but subsequently transferred by consent to the ordinary docket, and submitted to a special judge for trial who rendered judgment in favor of appellant for the recovery of the land sued for.

The first and decisive question to be determined is upon the motion to strike from the transcript what purports to be the evidence heard on the trial.

It appears that when the defendants filed their answer the following motion was made: "This day came all the parties and moved for trial by jury." And at the next term of court an order was made in these words: "Transferred to ordinary docket by consent

and trial by jury moved." At the next term was made the following order: "It is agreed by all parties to this action that the depositions of any and all witnesses may be read on the trial of this action and that no witness be introduced to testify orally on the trial. It is further agreed that B. W. Twyman, Esq., may act as special judge without being sworn."

At the succeeding term the following order was made: "The defendants filed as evidence herein the suit of *Thomas Read v. Henry Estes; Jesse Tipton &c. v. J. Estes and same Wm. Estes and Gibbs* and the suit of *Crawford's Admr. v. Wm. Estes* and the suit of *Jordan Neil v. J. P. Tipton and wife* and all the orders and proceedings in said case to which the plaintiff excepts" and at the same time an order was again made submitting the action to B. W. Twyman as special judge who did try it without a jury. There was no motion made for a new trial, nor is there any bill of exceptions accompanying the record. Following in the transcript immediately after the judgment is what is called a bill of exceptions in the case of appellants against other parties and there are copies of proceeding had or purporting to have been had in the various actions which are mentioned in the order quoted as having been filed as evidence. But it does not appear from any bill of exceptions signed by the special judge trying the case or otherwise, that the suits referred to were actually had as evidence on the trial or whether any other evidence was offered by appellant or what evidence was heard in behalf of appellee.

As therefore the parts of the record purporting to be evidence were not shown by bill of exceptions duly signed and enrolled, or any other manner to be the whole or part of the evidence heard on the trial, this court can not consider them and the motion to strike from the transcript all that part from page 81 must prevail. And consequently there being nothing before this court by which to determine whether the judgment was proper or erroneous, it must be affirmed.

Judgment *affirmed.*

*I. N. Cardwell, Jno. L. Scott, for appellant.*

*Wm. Lindsay, Lilly & Son, for appellee.*